UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HAYES,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 13-cv-1707-L(BLM)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On July 22, 2013, Plaintiff Michelle Hayes commenced this class action against Defendant Wells Fargo Bank, N.A., doing business as Wells Fargo Home Mortgage, Inc., asserting causes of action for violations of California Business and Professions Code § 17200 and the Consumer Legal Remedies Act. Plaintiff filed this action based upon federal diversity jurisdiction under 28 U.S.C. § 1332(d)(2). (Compl. ¶ 6.)

For the following reasons, the Court finds that Plaintiff's complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this class action in its entirety for lack of subject matter jurisdiction.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). "In determining whether there is diversity between corporate parties, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Id.* (quoting 28 U.S.C. § 1332(c)(1)). "[W]here corporations are involved, the party seeking jurisdiction must allege the state of the corporation's principal place of business *as well as* the state of incorporation." *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995) (unpublished table decision) (emphasis added). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

In order to invoke this Court's diversity jurisdiction for a class action, the Class Action Fairness Act ("CAFA") requires that at least one plaintiff is diverse from at least one defendant, and that the amount in controversy exceeds $5,000,000.[1] *Luther v. Countrywide Home Loans Servicing*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) (citing 28 U.S.C. § 1332(d)(2)). For the purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The issue here is whether Plaintiff satisfies the diversity-of-citizenship requirement under CAFA. She does not.

In the complaint, Plaintiff alleges that she is "a natural person and is a citizen of the State of California." (Compl. ¶ 9.) She also alleges that Wells Fargo Bank, N.A. "is a national banking association chartered in Sioux Falls, South Dakota and acts and operates as a mortgage lender with a principal place of business at 420 Montgomery Street, San Francisco, California 94104." (*Id.* ¶ 10.) Consequently, Defendant's principal place of business also makes it a citizen of California. *See Tosco*, 236 F.3d at 499. To summarize, every party involved in this action at this time is a citizen of California, and there is no diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff fails to satisfy the citizenship requirement under the CAFA. *See* 42 U.S.C. § 1332(d)(2).

## III. CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE** this class action in its entirety for lack of subject matter jurisdiction. *See Tosco*, 236 F.3d at 499. If Plaintiff can correct this deficiency in the complaint, she may file an amended complaint by

---

[1] Plaintiff does not explicitly reference CAFA or invoke "diversity jurisdiction" in her statement of jurisdiction in the complaint. (*See* Compl. ¶ 6.) However, based on the reference to $5,000,000—the jurisdictional amount-in-controversy threshold under CAFA—and the parties' citizenship, and also the citation to 28 U.S.C. § 1332(d)(2), it is clear that Plaintiff is invoking diversity jurisdiction. (*See id.*)

1 | **August 1, 2013**. *See* 28 U.S.C. § 1653.
2 | **IT IS SO ORDERED**.
3 |
4 | DATED: July 25, 2013
5 |
6 | _____
   | M. James Lorenz
   | United States District Court Judge
7 | COPY TO:
8 | HON. BARBARA LYNN MAJOR
   | UNITED STATES MAGISTRATE JUDGE
9 | ALL PARTIES/COUNSEL